## WILLOUGHBY *v.* MACKALL.

ATTORNEY AND CLIENT, CONTRACTS BETWEEN.

1. Where upon the hearing of a demurrer to a suit brought upon a contract between attorney and client relating to fees to be paid the former, the court is called upon to construe the contract, the construction given it will not be strained in favor of the client because of the relations which existed between the two when the contract was made. The rule of law relating to contracts between attorney and client, which casts the burden upon the attorney of showing that a contract entered into with his client is a fair and reasonable one, applies in the enforcement of such contracts and not in their interpretation.

2. An agreement, in writing, for fees between attorney and client construed in this case, and the attorney held to be entitled to a lien for his fees upon property recovered for his client.

No. 112.   Submitted October 17, 1893.—Decided November 8, 1893.

HEARING on an appeal by the complainant from a decree of the Supreme Court of the District of Columbia, holding an equity term, dismissing a bill for the enforcement by an attorney of a lien for his services.   *Reversed.*

THE COURT in its opinion stated the case as follows:

On April 10, 1883, Westel Willoughby and Brooke Mackall, Jr., entered into the following contract:

"This agreement made this tenth day of April, 1883, between Brooke Mackall, Jr., and Westel Willoughby;

"Witnesseth, that whereas the said W. Willoughby has been for a considerable period acting as counsel in the case of Alfred Richards and others v. Brooke Mackall and others,

No. 2373, in equity, in the Supreme Court of the District of Columbia, and which is now pending before the Supreme Court of the United States, for the defendants in the said suit, and whereas he is counsel for the plaintiff in the case of Brooke Mackall, Jr. v. Alfred Richards and others, in equity No. 8118, in the Supreme Court of the District of Columbia, and he is also counsel for the defendant in the case of Leonard Mackall and others v. Brooke Mackall, Jr., No. 8038, in equity, in said court;

" Now, therefore, in consideration of the services of said W. Willoughby as such counsel, performed and to be performed, he hereby agreeing to conduct the above mentioned suit of Richards and others, No. 2373, to a final determination and adjudication by the court of last resort to the best of his ability as such counsel, the said Brooke Mackall, Jr., hereby agrees to allow and pay to him as compensation for such services, in addition to what has already been received by him, a sum equal to fifty per cent. of such money as may be adjudged to the said B. Mackall, Jr., as aforesaid, and which may be recovered in said suit of Brooke Mackall, Jr. v. Richards and others, in equity, No. 8118, by way of mesne profits, damages and costs, provided, that if such fifty per cent. be less than $5,000, the said W. Willoughby shall have such sum of $5,000, and the said W. Willoughby shall have a lien therefor upon said judgment and property as may be recovered against the said Alfred Richards; and the above compensation shall be received by said W. Willoughby in full satisfaction for his services in the aforesaid matters in controversy as counsel, he to have no other compensation for such services.

" It is provided further, that if said causes Nos. 8038 and 8118 are not finally determined in the court sitting in special term, and an appeal is taken, for such services as may be necessary in appellate courts an additional compensation shall be allowed, which shall *hereafter be agreed upon* by the parties, and he shall also be allowed an additional compensation for services in No. 2373, which may be necessary after the

decision of the Supreme Court of the United States upon the points now pending therein.

"Witness the following signatures and seals in duplicate:

"B. Mackall, Jr.      [Seal]

"W. Willoughby."    [Seal]

Claiming a breach of the covenant, Willoughby filed his bill in the Supreme Court of the District of Columbia to obtain a foreclosure of the lien recited in the contract aforesaid. The bill alleged a performance by complainant of his part of the contract and the failure of the defendant to pay him as promised therein. With respect to the litigation described in the contract, it was alleged that equity cause No. 8118 was a suit by said Brooke Mackall against Alfred Richards to set aside a conveyance of the land on which the Palace Market building stands on lot 7 in square 223 in the city of Washington, and to recover mesne profits thereof of over $20,000, which Richards was charged to have received. The bill was dismissed, and upon appeal to the Supreme Court of the United States this decree was affirmed.

Equity cause No. 8038 resulted in a final decree sustaining the title of Mackall as to all of lot 7, square 223, except that part on which the Palace Market building stands, which was also affirmed in the Supreme Court.

Said equity cause No. 2373 was decided in the Supreme Court of the United States, November 24, 1884, upon the points pending therein at the date of said sealed agreement. The result of said decision was that said Brooke Mackall recovered in said cause against the said Alfred Richards all that part of lot 7, in square 223, lying north of a line beginning at a point 44 feet south of the northeast corner of said lot on Fourteenth street and running thence parallel to New York avenue, to the west line of said lot, except the ground upon which the Palace Market building stands; such recovery being of the value of more than $50,000 at the time thereof.

The bill contains other allegations with respect to certain incumbrancers, who are made defendants, which need not be stated, as they are of no importance at this time.

Mackall entered a demurrer to the bill, which was sustained, and from the decree of dismissal this appeal has been prosecuted.

*Mr. A. A. Birney* for the appellant.

*Mr. Henry E. Davis* and *Mr. A. A. Hoehling, Jr.*, for the appellee.

Mr. Justice SHEPARD delivered the opinion of the Court:

1. It is contended in support of the demurrer that the payment of the $5,000 was contingent upon the recovery of some amount as mesne profits in cause No. 8118, and that as no recovery was had in said cause the complainant is entitled to nothing for his services in any of the cases.

At the time the contract was made the litigation had been for some time in progress, and the right of the attorney to reasonable compensation for the value of his services had been fixed, and he had received some payments on account thereof, the amounts of which are not stated. The contract made at this late date was apparently for the purpose of a definite understanding and settlement of the fee to be paid the attorney, as well as the exact nature of the services he was to perform.

We cannot agree to the construction given this instrument by the learned counsel for appellee on the argument of the cause. We do not think that Willoughby's right to any compensation whatever for services in all three suits was made to depend wholly upon success in No. 8118. He was not to be paid $5,000 *out* of the proceeds of said cause, but " a sum *equal to fifty per cent.* of such money as may be adjudged to the said Mackall as aforesaid, and which may be recovered in said suit of Mackall v. Richards and others, in equity, No. 8118, by way of mesne profits, damages and costs, *provided that if such fifty per cent. be less than $5,000, the said Willoughby shall have such sum of $5,000*, and shall have a lien therefor upon said judgment and property as may be recovered against the said Richards."

It seems reasonably clear that Willoughby was to have at least $5,000 for his services in all three cases; if successful, according to his expectation, in No. 8118, he might receive more than this sum; but under no circumstances was he to receive less. Suppose he had recovered, say, $2,500 as mesne profits and damages in that case, would it be contended that he was to have that and no more? Yet if his compensation was limited to the money recovered in that cause, how was he to obtain his fee of $5,000 which was expressly stipulated for in the event that fifty per cent. thereof should be less than that amount? It seems clear enough, then, that if the claim in 8118 should fail altogether, or fall short of a recovery of $5,000, it was to remain a charge against Mackall either in whole or in part according to the result.

The construction given this contract is not to be strained in the interest of Mackall on account of the relation of client and attorney existing at the time between him and Willoughby. The demurrer must be taken, for the time being, as an admission that there was no advantage taken of the client to make an unjust contract. If in his answer the defendant should make specific allegations to the effect that the relation of attorney and client was in fact abused to his detriment, then it would devolve upon the complainant to show that the charge was fair and reasonable, and the contract made with a full understanding of the situation at the time on the part of the defendant. This rule of law with respect to contracts between attorney and client applies in their enforcement and not in their interpretation.

2. The intention of the parties not to limit the complainant's compensation to the contingency of success in No. 8118 alone, is, we think, made more clear by the clause creating the lien which is sought to be foreclosed. The recital is: "And the said Willoughby shall have a lien therefor upon said judgment and property as may be recovered against said Richards."

We think this should be interpreted as if the word *such* had been inserted before the word *property*, in the foregoing

rather awkwardly worded sentence, thereby making it to read "upon said judgment and such property as may be recovered," etc.

There was reason for using both of these words, *judgment* and *property*, in this sentence. Judgment is singular, and evidently refers to cause No. 8118, in which alone a money recovery was prayed for. If that judgment should amount to nothing, or to a sum less than $5,000, then complainant was to be secured by a lien on the property that might be recovered. There is no sound reason for limiting this general term property to such as should be recovered alone in No. 8118. The contract recites the three cases in which are involved the whole of lot 7, in square 223, and No. 8118 is the last one upon the docket in the order of institution. The larger part of the lot was involved in the two other cases and the value of that which was recovered therein amounted to about $50,000. It is not apparent why Willoughby should have limited his lien for his services to the property to be recovered in one only, and it does not appear that he did so.

3. It is contended, however, that this lien is incapable of enforcement because it does not identify with sufficient certainty the property to which it attaches. The only uncertainty lies in determining how much of the property in litigation is subject to the lien stipulated in the contract. There is no want of certainty in the identification of the property itself, but only in the construction of the contract creating the lien. Having held that the lien was intended to be given upon all of the property that might be recovered of Richards, the identification of this is easy enough by reference to the final decrees in these cases. "That is certain which may be rendered certain."

For the errors above pointed out in the proceedings below, the decree will be reversed, with costs to the appellant against the appellee, Mackall, and the cause remanded for further proceedings not inconsistent with this opinion.

*Reversed.*